IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Amber Nicole Gentry,              )<br>                                               )<br>     Plaintiff,                            )<br>                                               )<br>     v.                                      )<br>                                               )<br>Karnick, Inc. and Steven Cummings, )<br>                                               )<br>     Defendants.                       )<br>_____ ) | Case No.  8:13-cv-02809-GRA-JDA<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the Court on a motion to set aside default filed by Defendant Karnick, Inc. ("Karnick"). [Doc. 9.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff filed this action on October 15, 2013, against Karnick and Steven Cummings, alleging claims of sexual harassment, battery, assault, intentional infliction of emotional distress, and premises liability arising from Plaintiff's employment at Karnick's McDonald's franchise in Anderson County, South Carolina. [Doc. 1.] On January 6, 2014, Plaintiff filed proof of service, indicating that she served the summons by certified mail on October 17, 2013 to Karnick's registered agent, Corporate Creations Network, Inc. at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. [Docs 6-1–6-2.] The certified mail receipt indicates it was received by Dakota Weese on December 2, 2013.

[Doc. 6-2.] On January 6, 2014, Plaintiff also filed a request for entry of default. [Doc. 7.] The Clerk of Court entered default on January 7, 2014. [Doc. 8.]

Karnick filed a motion to set aside default on February 3, 2014. [Doc. 9.] Plaintiff filed a response in opposition on February 21, 2014 [Doc. 11], and Karnick filed a reply on March 3, 2014 [Doc. 13]. Accordingly, the motion is ripe for review.

## **APPLICABLE LAW**

When an entry of default has been made pursuant to Rule 55, the Court may set aside the entry of default for good cause. Fed. R. Civ. P. 55(c). This good cause standard is liberally construed "to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quotations and citation omitted); *see also Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits."). Generally speaking, "a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) (citation omitted). When deciding whether to set aside an entry of default, a court should consider: (1) whether the defaulting party has a meritorious defense; (2) whether it acts with reasonable promptness; (3) whether the defaulting party is personally responsible for the default; (4) whether prejudice would result to the innocent party; (5) whether the defaulting party has a history of dilatory conduct; and (6) whether sanctions less drastic are available. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006) (citations omitted).

**DISCUSSION**

After considering the standard under Rule 55(c), the arguments, and the evidence submitted, the Court finds that Karnick has presented good cause and should be granted relief in this case. "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *U.S. v. Moradi*, 673 F.2d 725, 727 (citing *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 252 n. 8 (4th Cir. 1974)). Karnick has asserted meritorious defenses—that Plaintiff cannot impute liability to Karnick under Title VII because she failed to report harassment to Karnick; that Plaintiff did not endure treatment rising to the level of actionable harassment; that all employment decisions relating to Plaintiff's employment were based on legitimate, non-discriminatory reasons; that Karnick, as a corporate entity is not liable to Plaintiff for assault and battery; that Plaintiff cannot meet the stringent intentional infliction of emotional distress standard; and that Plaintiff's intentional infliction of emotional distress and premises liability claims are subject to the workers' compensation exclusivity provision. Karnick acted promptly and with reasonable diligence in filing its motion to set aside just 13 days after learning of the entry of default. Karnick has submitted affidavits detailing the events surrounding the delay in filing an answer, which revolves around its lack of knowledge of the lawsuit.[*] There is no indication of any prejudice to Plaintiff in allowing this action to proceed, as this case is in its early stage, and there is no evidence that Karnick has a history of dilatory action.

---

[*]The parties dispute the circumstances surrounding service of process in this case. Karnick asserts it still has not received a copy of the summons and complaint through service of process and Plaintiff asserts Karnick has been served twice through its registered agent—on October 22, 2013 and December 2, 2013. However, even if Karnick were responsible for the default in that it knew about the lawsuit and failed to timely file an answer, the other factors weigh in favor of setting aside the entry of default.

3

Finally, the only sanction presented by Plaintiff is to hold Karnick in default. However, looking at all factors, it appears to the Court that the drastic sanction of holding Karnick in default would be inappropriate. Thus, applying the factors set forth above, the Court recommends that the entry of default be set aside.

## **CONCLUSION**

Wherefore, based on the foregoing, it is recommended that the motion to set aside default be GRANTED.

IT IS SO RECOMMENDED.

*Jacquelyn D. Austin*

Jacquelyn D. Austin
United States Magistrate Judge

March 10, 2014
Greenville, South Carolina